UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:

    ERIC WALTER FUHRMAN

        Debtor.
_____

ERIC WALTER FUHRMAN

        Plaintiff

v.

WILMINGTON SAVINGS FUND SOCIETY, FSB,
RUSHMORE LOAN MANAGEMENT SERVICES

        Defendants.
_____/

Case No. 18-13977
HONORABLE THOMAS L. LUDINGTON

Chapter 13 Case No. 17-21073-dob

AP Case No. 17-02109-dob

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S COMPLAINT**

On May 24, 2017, Plaintiff Eric Fuhrman filed a Chapter 13 Voluntary Petition in the U.S. Bankruptcy Court, Eastern District of Michigan. Chapter 13 Case No. 17-21073-dob. On September 26, 2017, Plaintiff filed a complaint against Defendants Wilmington Savings Fund Society and Rushmore Loan Management Services. AP Case No. 17-02109-dob. On January 15, 2018, Plaintiff filed an amended complaint.

According to Plaintiff, Defendants' predecessors made a loan to his father secured by a mortgage. Plaintiff made the loan payments including funds to be disbursed to pay real estate taxes, but Defendants or their predecessors did not disburse the payments to the Presque Isle County Treasurer to pay the property taxes. Plaintiff contends that he attempted to bring the balance of the loan payments current, but that Defendants refused to accept the payments. In April 2017, Defendants attempted to initiate foreclosure of the property.

Plaintiff's amended complaint contains four counts against Defendants. *Id.* First, that the property described in the mortgage was incorrect, making the mortgage ineffective as a lien against the property. Second, Plaintiff asks the court to disallow any claims by Defendant against the property. The third count alleges that Defendants violated the Real Estate Settlement Procedures Act by failing to submit escrow statements and by issuing statements to Plaintiff with invalid charges. The fourth count alleges a violation of the Fair Debt Collections Practices Act.

The Defendants filed a joint motion for summary judgment and Judge Opperman granted summary judgment as to Counts I and II of the Plaintiff's amended complaint. Concerning Counts III and IV he determined:

> Counts III and IV are non-core and that it [sic] in the exercise of its 'related to' jurisdiction, the Court is authorized pursuant to 28 U.S.C. 157(c)(1) to submit proposed findings of fact and conclusions of law to the District Court, but may not enter a final order or judgment as to these remaining counts.

Report & Recommendation at 2, ECF No. 1. Judge Opperman recommended that this Court grant Defendants' motion for summary judgment and dismiss Counts III and IV of Plaintiff's amended complaint. *Id.* at 8.

28 U.S.C. 157(c)(1) addresses bankruptcy proceedings that are not core proceedings. It provides:

> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. 157(c)(1). For the following reasons, Defendants' motion for summary judgment as to Counts III and IV of Plaintiff's amended complaint will be granted and Plaintiff's amended complaint dismissed.

# I.

The facts of the case as contained in the report and recommendation are reproduced below.

The following facts are not in dispute. In October of 2004, Plaintiff and his father, Walter W. Fuhrman, jointly owned a piece of real estate as joint tenants with full rights of survivorship. This property is commonly known as "8423 M-65, Posen, Michigan 49776" and is more fully described as:

> Township 34 North Range 6 East Section 34 Parcel in the Southwest 1/4 of the Northwest 114 Commencing 200FT North of the Southwest Corner thence East 210FT, thence North 210FT, thence West 210FT, thence South 200FT to the Point of Beginning.

On October 16, 2004, Walter Fuhrman sought financing from Homecomings Financial Network, Inc., and obtained a loan in the amount of $54,000. Walter Fuhrman executed a promissory note in that amount; Plaintiff is a not a party to that note and has no liability thereon. Walter Fuhrman and Plaintiff executed a document purporting to establish a mortgage in the property. The loan was recorded in the Presque Isle County Records. The mortgage was later assigned to Green Tree Servicing, LLC, and finally to Defendant Wilmington. The legal description of the property in the mortgage contains what Defendants consider a scrivener's error. Instead of stating "Range 6 East," the mortgage states "Range 6 West."

Defendants and their predecessors submitted billing statements to Walter Fuhrman and later to Plaintiff. These statements mentioned payments for escrowed property taxes and property insurance, property inspection fees, late fees, and other fees. Walter Fuhrman passed away in 2015. Plaintiff, believing the note and mortgage were enforceable, made payments to Defendants and their predecessors in interest; the payments were accepted.

Plaintiff also alleges the following facts. Plaintiff states that despite charging the account with escrow advances for taxes, Defendants failed to disburse payments to the Presque Isle County Treasurer for property taxes and failed to actually have property inspections performed. Instead, Plaintiff paid the property taxes directly, incurring fees in the process. In April of 2017, Defendants attempted to initiate foreclosure proceedings on the property by advertisement. In May of 2017, Plaintiff, through counsel, requested a full payment history relative to the mortgage and other information. However, Defendant Rushmore declined to provide any information, stating that Plaintiff was not a borrower under the note and not entitled to the information he had requested.

On May 24, 2017, Plaintiff filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code. Defendant Rushmore filed a proof of claim on behalf of Defendant Wilmington on September 25, 2017. Plaintiff initiated this adversary proceeding on September 26, 2017, against Defendants Wilmington and Rushmore along with Defendant Ditech Financial. Plaintiff sought disallowance of the claim based on the incorrect description of the property in the mortgage as well

as the alleged failure to obtain the consent of Walter Fuhrman's wife on the mortgage, along with allegations of violations of RESPA, FDCPA, and the Michigan Consumer Protection Act ("MCPA"). Defendant Ditech filed a motion to dismiss and the court granted that motion on December 27, 2017. Defendants Wilmington and Rushmore brought a joint motion to dismiss on January 4, 2018. In his response to the motion to dismiss, Plaintiff conceded that he could not prevail on the arguments based on the failure to obtain Walter Fuhrman's wife's consent and the MCPA violation. He filed an Amended Complaint on January 25, 2018, reflecting this concession but realleging violations of RESPA and FDCPA. At the December 5, 2018 oral argument, Plaintiff's counsel conceded Plaintiff did not have a viable RESPA cause of action.

ECF No. 1 at 2–4. The bankruptcy court granted Defendants' motion for summary judgment on Counts I and II of Plaintiff's amended complaint. All that remain are Counts III and IV.

**II.**

Count III of Plaintiff's amended complaint alleges that "Defendants failed to submit accurate escrow statements and submitted statements that included invalid charges…failed to comply with the loan servicing requirements imposed on Defendants, pursuant to the Real Estate Settlement Procedures Act…failed to make disbursements in a timely manner despite charging such disbursements to the account…assessed charges for property inspections that were not actually performed…[and] failed to comply with the loan servicing requirements of 12 C.F.R. 1024.17(k)." Judge Opperman recommended that Count III be dismissed because "[a]t the December 5, 2018 hearing, Plaintiff's counsel conceded Plaintiff does not have standing on the RESPA claim." ECF No. 1 at 5.[1]

Judge Opperman further recommended that Count IV be dismissed because Plaintiff did not present sufficient evidence of Defendants harassing or abusing him in violation of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 6 ("This failure by Plaintiff to establish the

---

[1] In their motion for summary judgment, Defendants argued that "[n]ot only has Plaintiff failed to allege which Defendant purportedly failed to make disbursements, there is no evidence to support this claim. Plaintiff has no evidence demonstrating any statements that included invalid charges, when Defendants failed to make required disbursements or the amount of the disbursements." Def.'s Mot. Summ. J. at 22, ECF No. 56, AP 17-02109-dob.

existence of any element essential to his FDCPA claim satisfies the Court that there is no genuine issue of material fact for trial.").

**III.**

Judge Opperman concludes his report explaining, "The Court recommends that the United States District court enter an order granting Summary Judgement as to Counts III and IV in favor of the Joint Defendants and that Plaintiff's Amended Complaint be dismissed…Objections may be served and filed pursuant to Rule 9033(b)." ECF No. 1 at 8. Federal Rule of Bankruptcy Procedure 9033(b) provides, "[w]ithin 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection." Fed. R. Bankr. Proc. 9033(b).

28 U.S.C. 157(c)(1) provides that "any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected." The parties were served with a copy of the proposed findings of fact and conclusions of law on December 20, 2018. ECF No. 2. Neither party filed any objections. As such, the Court has no obligation to review any matters de novo. Having considered the proposed findings and conclusions, the Court will adopt Judge Opperman's report and recommendation.

**IV.**

Accordingly, it is **ORDERED** that the Report and Recommendation of Proposed Findings of Fact and Conclusions of Law, ECF No. 1, is **ADOPTED**.

It is further **ORDERED** that Counts III and IV of Defendants' motion for summary judgment are **GRANTED**.

It is further **ORDERED** that Plaintiff's second amended complaint is **DISMISSED**.


Dated: February 11, 2019                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge